UNITED STATES of America, Plaintiff–Appellee,

v.

Sergio NAVARRO–PEREZ, Defendant–Appellant.

No. 03–41756.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 23, 2004.

---

Paula Camille Offenhauser, Assistant U.S. Attorney, James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Roland E Dahlin, II, Federal Public Defender, Richard Bruce Gould, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Sergio Navarro–Perez appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Navarro–Perez contends that the "felony" and "aggravated felony" provisions of 8 U.S.C.

---

§ 1326(b)(1) and (2) are unconstitutional. Navarro–Perez alternatively argues that he may not be convicted and sentenced under 8 U.S.C. § 1326(b)(1) and (2) because the Government did not allege in the indictment that his deportation occurred after a qualifying felony or aggravated felony. He therefore argues that his conviction must be reduced to one under the lesser included offense found in 8 U.S.C. § 1362(a), his judgment must be reformed to reflect a conviction only under that provision, and his sentence must be vacated and the case remanded for resentencing to no more than two years' imprisonment and one year of supervised release.

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47, 118 S.Ct. 1219. Navarro–Perez acknowledges that his arguments are foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his arguments for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under